HENRY J. BRATCHER, JR., coadministrator,[1] *vs.* WILLIAM
GALUSHA & others.[2]

Berkshire. December 7, 1993. - February 9, 1994.

Present: WILKINS, ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Damages*, Wrongful death, Distribution. *Parent and Child*, Consortium.
*Statute*, Construction.

Claims for loss of consortium, brought on behalf of the parents of a dece-
dent who was survived by his spouse but by no issue, were precluded by
the plain language of G. L. c. 229, § 1, providing that, in such a cir-
cumstance, only the surviving spouse was entitled to recover. [29-31]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 26, 1992.

Motions for summary judgment were heard by *Daniel A.
Ford*, J., and *William W. Simons*, J., and entry of judgment
was ordered by *Simons*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Michael E. Mone* (*Rhonda T. Maloney* with him) for the
plaintiff.

*Charles K. Bergin, Jr.*, for William Galusha & others.

*Laurie J. Condos* for Kirk R. Robinson.

LYNCH, J. The plaintiff, Henry J. Bratcher, Jr., appealed
from a judgment of a Superior Court judge dismissing two
counts of the plaintiff's complaint and entering summary
judgment for the defendants on the remaining counts. We
granted the plaintiff's application for direct appellate review
and affirm the decisions of the Superior Court judge.

---

[1]Of the estate of Edward J. Bratcher.

[2]Kirk R. Robinson, Daniel E. Galusha, Mary Louise Galusha, and
James E. Galusha.

The only issue raised on appeal is the propriety of the entry of summary judgment for the defendants on the loss of consortium claims brought in behalf of the parents of the decedent, Edward J. Bratcher. The judge ruled that the plain language of G. L. c. 229, § 1 (1992 ed.), provides that, when a decedent is survived by a spouse and no children, only the surviving ·spouse is entitled to recover damages; therefore, the parents of the decedent had no claim under the wrongful death statute. We agree.

The plaintiff argues that the existence of a surviving spouse should not extinguish a parent's right to wrongful death damages under G. L. c. 229 (1992 ed.). He contends that: (1) the wrongful death statute must be liberally interpreted, (2) the legislative intent of G. L. c. 229, § 2, is to compensate a decedent's dependents, including one's parents, (3) pursuant to G. L. c. 229, § 1 (4), the parents of an unmarried adult child may recover, therefore the existence of a spouse should not extinguish that right; (4) §§ 1 and 2 of c. 229 are inconsistent and force should be given only to § 2; and (5) public policy supports allowing recovery to the plaintiff. We are not persuaded by the plaintiff's contentions.

General Laws c. 229, § 2, provides, in part:

> "A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted . . . shall be liable in damages in the amount of: (1) the fair *monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one,* including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered . . ." (emphasis supplied).

General Laws c. 229, § 1, provides that damages should be assessed based on the degree of culpability of the defendant and recovered by the executor or administrator of the deceased "to the use of the following persons and in the following shares: (1) If the deceased shall have been survived by a wife or husband and no children or issue surviving, then to the use of such surviving spouse. (2) If the deceased shall have been survived by a wife or husband and by one child or by the issue of one deceased child, then one half to the use of such surviving spouse and one half to the use of such child or his issue by right of representation. (3) If the deceased shall have been survived by a wife or husband and by more than one child surviving in person or by issue, then one third to the use of such surviving spouse and two thirds to the use of such surviving children or their issue by right of representation. (4) If there is no surviving wife or husband, then to the use of the next of kin." We have noted that "the first clause of § 2 limits recovery to a particular class of persons. It provides for recovery of compensatory damages by 'the persons entitled to receive the damages recovered' and limits the class to those persons 'as provided in section one.' " *Burt* v. *Meyer*, 400 Mass. 185, 189 (1987). Here, the decedent was survived by his spouse and no issue. Therefore, the class of persons entitled to recover damages under § 2 consisted of only the surviving spouse of the deceased. Simply put, on these facts, the parents of the decedent are not members of the class entitled to recover under § 2.[3]

The plaintiff's request for a liberal interpretation of the statute is essentially a request that this court rewrite or ig-

---

[3]The plaintiff also argues that, because G. L. c. 229, §§ 1 and 2, permit recovery to the parents of a deceased adult unmarried child, as next of kin, citing *Schultz* v. *Grogean*, 406 Mass. 364, 368 (1990), and G. L. c. 229, § 1 (4), the existence of a surviving spouse should not extinguish that right. This argument fails. In the present case, § 1 (1) defines the recipient of any recovery for wrongful death as the surviving spouse exclusively. The plain language of § 1 provides that only if there is no surviving spouse are the parents as "next of kin" entitled to recover for wrongful death damages. G. L. c. 229, § 1 (4). Thus, the existence of a surviving spouse precludes the claim of the parents of the decedent.

nore the plain language of the statute. We decline to intrude on the Legislature's function or to disregard the plain meaning of the statute.

Neither do we accept the plaintiff's contention that the statute is ambiguous because, unlike § 2, § 1 fails to focus on compensation rather than culpability. The statute requires more than loss. In order to recover under § 2, one who suffers the loss must also be a member of the class of "presumptive takers" created by § 1. See *Burt* v. *Meyer, supra* at 191; *Guy* v. *Johnson,* 15 Mass. App. Ct. 757, 761 (1983). In *Guy* v. *Johnson,* the Appeals Court reasoned that, although § 1 determines the presumptive takers of compensatory damages, § 2 requires that the decedent have a monetary value to the presumptive taker. Thus, a father, a member of the decedent's next of kin, who had abandoned his son could not claim that the son had a monetary value for him. *Id.* In *Burt,* we agreed with the reasoning of *Guy.* Here, the decedent may well have had a significant monetary value for his parents; however, the parents are not within the statutorily defined class of persons entitled to recover for wrongful death damages.

The plaintiff's final argument is that public policy supports compensating the parents for the loss of their son. The plaintiff warns that strict adherence to § 1, limiting the class of persons eligible to recover wrongful death damages, will result in arbitrary and capricious results. As we have stated previously, an argument concerning the propriety of the public policy surrounding the wrongful death statute is best left for the Legislature. See *Schultz* v. *Grogean,* 406 Mass. 364, 368 (1990).

*Judgment affirmed.*