HENRY E. BRATCHER, JR., individually and as co-administrator,[1] *vs.* MORIARTY, DONOGHUE & LEJA, P.C., & another.[2]

No. 99-P-1763.

Berkshire. November 20, 2001. - March 4, 2002.

Present: PORADA, GRASSO, & COWIN, JJ.

*Executor and Administrator,* Action for death, Status in proceedings involving estate, Attorney. *Wrongful Death. Attorney at Law,* Attorney-client relationship, Duty to nonclient. *Conflict of Interest. Practice, Civil,* Complaint, Amendment, Dismissal, Stipulation, Wrongful death.

In an action by a co-administrator of an estate (plaintiff) alleging that an attorney was negligent in failing to inform him as co-administrator of the estate of a settlement reached in a wrongful death action commenced by the attorney on behalf of the plaintiff's co-administrator, resulting in the loss of payment for charges of administration and reimbursement of other expenses, the attorney owed no duty to the plaintiff, where the interests of the co-administrators at times were in conflict, the language of a settlement agreement in the wrongful death action imposed upon. the attorney an obligation not to disclose the terms of the settlement, the co-administrator did not authorize any disclosure to the plaintiff, and the rules of disciplinary conduct at the time of the settlement required that an attorney preserve the confidences gained in the course of representing a client. [114-116]

In an action for legal malpractice arising from the administration of an estate, the judge did not abuse his discretion in denying the plaintiff's motion to amend his complaint to add a claim for breach of contract based upon an attorney's alleged promise to reimburse a co-administrator for certain expenses incurred by him, where the judge could well have considered that this claim did not set forth a viable cause of action against the attorney. [116]

CIVIL ACTION commenced in the Superior Court Department on May 17, 1999.

The case was heard by *Daniel A. Ford,* J.

*David W. Heinlein* for the plaintiff.

---

[1] Of the estate of Edward J. Bratcher.

[2] Edward V. Leja.

*John B. Stewart* for the defendants.

PORADA, J. Henry E. Bratcher, Jr. (Henry), in his individual capacity and in his capacity as co-administrator of the estate of Edward J. Bratcher, commenced this action in the Superior Court against the defendants (collectively referred to as Leja) for legal malpractice. Henry alleged that Leja was negligent in failing to inform him as a co-administrator of the estate of Edward J. Bratcher of a settlement reached in a wrongful death action commenced by Leja on behalf of Kathy Bratcher (Kathy), as co-administratrix of the estate of Edward J. Bratcher. Henry claims that this breach of duty allegedly resulted in his loss of payment for charges of administration and reimbursement for funeral expenses. Leja filed a counterclaim for abuse of process and a motion to dismiss Henry's complaint or, alternatively, for summary judgment. Henry then filed a motion to amend the complaint to add a count for breach of contract against Leja. A Superior Court judge entered judgment for Leja on Henry's complaint for negligence and denied Henry's motion to amend the complaint. Henry then lodged this appeal.

However, the abuse of process claim filed by Leja was left dangling in the Superior Court without any certification under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), or final disposition. The judgment is, thus, not final and dismissal of the appeal is required. *DiCicco* v. *Berwick*, 27 Mass. App. Ct. 312, 315-316 (1989). Nonetheless, because the issue has been fully argued and briefed by the parties and to save expense to the parties, we shall deal with the issue whether Henry's complaint was properly dismissed. The dismissal appears to have been based on the motion judge's determination that Leja did not owe any duty to Henry.[3]

We summarize those facts that are not in dispute. Edward J. Bratcher died intestate in an explosion of a homemade cannon on July 4, 1989. His sole surviving next of kin was his wife, Kathy. G. L. c. 190, § 1. On February 28, 1990, Kathy and Henry, Edward J. Bratcher's father, were appointed co-

---

[3]In entering summary judgment for the defendants, the motion judge simply endorsed the motion as follows: "[e]ssentially for the reasons set forth in the defendants' memorandum of law, this motion is allowed."

administrators of the estate of Edward J. Bratcher.[4] On March 6, 1991, Kathy hired Leja to represent her in the pursuit of a wrongful death claim arising out of her husband's death. On June 19, 1992, Leja filed a wrongful death action[5] in the Superior Court on behalf of Kathy as the co-administratrix of the estate of Edward J. Bratcher. On December 13, 1993, Kathy, in her individual capacity and as the co-administratrix of the estate of Edward J. Bratcher, settled the wrongful death action. Under the terms of the settlement, payments representing a present value as of the date of settlement of approximately $445,000 for compensatory damages were to be made to Kathy over her lifetime. The settlement agreement contained a clause barring the parties and their attorneys from revealing the terms of the settlement to anyone except as mutually agreed upon but did provide that the defendants in that action could file a stipulation of dismissal of the complaint in the Superior Court. The stipulation of dismissal was filed in the Superior Court on January 13, 1995.

Seven days after Leja filed the wrongful death action on behalf of Kathy, Henry, in his capacity as co-administrator of the estate of Edward J. Bratcher, represented by attorneys other than Leja, commenced a wrongful death action in the Superior Court. He sought compensatory damages and damages for loss of consortium suffered by himself and his wife as parents of Edward J. Bratcher from the very same defendants named in Kathy's wrongful death action. *Bratcher* v. *Galusha*, 417 Mass. 28 (1994). A Superior Court judge dismissed Henry's action on the defendants' motion for summary judgment. Henry appealed this decision, and the Supreme Judicial Court on February 9, 1994, affirmed the dismissal of Henry's action, ruling that since Henry's son was survived by his wife, she was the only one entitled to pursue compensatory damages for wrongful death. *Id.* at 29-31.

On January 16, 1996, Henry filed a motion to intervene in the

[4]Apparently there was an attempt to remove Henry as co-administrator in the Probate Court, which failed.

[5]The complaint in that action did not include a claim for conscious suffering, funeral expenses, or punitive damages, which are considered assets of the estate. See *Burt* v. *Meyer*, 400 Mass. 185, 187-190 (1987); G. L. c. 229, § 6.

wrongful death action filed by Leja for Kathy and to set aside the stipulation of dismissal filed in the preceding year. A Superior Court judge denied the motion to intervene and Henry appealed to this court. In an unpublished memorandum and order issued pursuant to rule 1:28 of this court, we affirmed the order denying the motion to intervene, noting that the matter of payment for funeral expenses and charges of administration was a matter to be worked out by the co-administrators. *Bratcher* v. *Galusha*, 42 Mass. App. Ct. 1108 (1997). On May 17, 1999,[6] Henry commenced this action against Leja.

Although the record is devoid of any proof of a direct attorney-client relationship between Henry and Leja, Henry claims that Leja owed him a duty of care because Leja represented Kathy in her capacity as a co-administratrix of the estate of Edward J. Bratcher, and that Kathy was obligated under G. L. c. 229, § 6A,[7] to apply any monies recovered in her wrongful death action to the payment of the charges of administration and funeral expenses of that estate. We disagree.

It is well-established that money recovered upon a wrongful death claim is not generally an asset of the probate estate but constitutes a statutory trust fund held by the administrator or administratrix as trustee for distribution to the statutory beneficiaries. *Sullivan* v. *Goulette*, 344 Mass. 307, 311 (1962). *Marco* v. *Green*, 415 Mass. 732, 739 (1993). In this case, that statutory beneficiary is Kathy. G. L. c. 229, § 1. However, to the extent that the assets of the estate were insufficient to pay certain charges, such as funeral expenses and charges of administration enumerated in G. L. c. 229, § 6A, Kathy, in her capacity as the trustee of wrongful death claim proceeds, would have been obligated to deduct those expenses from the statutory trust fund. *Sullivan* v. *Goulette*, 344 Mass. at 311. Although there is no averment in the record that the assets of the estate were insufficient to pay those charges, which in and of itself would have justified the dismissal of Henry's claim, we shall

---

[6]We note that the defendants have not raised the statute of limitation as a bar to Henry's negligence claim.

[7]General Laws c. 229, § 6A, provides in pertinent part as follows: "All sums recovered under section . . . two [of G. L. c. 229] . . . shall, if and to the extent that the assets of the estate of the deceased shall be insufficient to satisfy the same, be subject to the charges of administration and funeral expenses of said estate . . . ."

assume that the assets were insufficient by the very prosecution of this case.

We, nevertheless, conclude that Leja, who served as Kathy's attorney, had no duty to Henry. See *Spinner* v. *Nutt*, 417 Mass. 549, 553 (1994) (trustee's attorney owes no duty of care to beneficiaries of trust). As noted in *Spinner*, because the interests of a trustee may at times conflict with the interests of a beneficiary, the duty owed by an attorney to the trustee whom he or she represents may not extend to the beneficiaries. *Id.* at 552-554. Henry's posture in this case is no different than that of a beneficiary of a trust. Accordingly, Leja owed him no duty of care.

Henry argues, however, that there is no conflict of interest precluding the imposition of a duty upon Leja. This argument belies the record, which demonstrates that Kathy's interests at times did indeed conflict with Henry's interests, and ignores the language of the settlement agreement that imposed upon Leja an obligation not to disclose the terms of the settlement and Leja's undisputed averment that Kathy did not authorize him to disclose the settlement. Moreover, the disciplinary rules which governed attorney conduct in Massachusetts at the time of the settlement of the wrongful death claim required that an attorney preserve the secrets and confidences gained in the course of representing a client. S.J.C. Rule 3:07, Canon 4, DR 4-101, as appearing in 382 Mass. 778 (1981).[8] It is the potential for a conflict rather than an actual conflict that precludes the imposition of a duty on the trustee's attorney to the beneficiaries of the trust. *Spinner* v. *Nutt*, 417 Mass. at 554.

Finally, Henry argues that Leja promised that his (Henry's)

---

[8]However, we note that S.J.C. Rule 3.07, Canon 7, DR 7-102, as appearing in 382 Mass. 785 (1981), in effect at the relevant time, provided that a lawyer shall not "[c]onceal or knowingly fail to disclose that which he is required by law to reveal" or "[c]ounsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent." Here, Henry has not alleged that Kathy, in settling her wrongful death claim without disclosure to him, engaged in a criminal or fraudulent act, or that Leja, in his capacity as Kathy's legal representative, committed a violation of this disciplinary rule. In any event, "disciplinary rules provide standards of professional conduct of attorneys and do not in and of themselves create independent causes of action." *Doe* v. *Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 141 (1996). See *Fishman* v. *Brooks*, 396 Mass. 643, 649 (1986).

expenses would be taken care of when Kathy's wrongful death claim was settled. This argument fails for the same reasons noted above. While an attorney may be found to owe a duty to a nonclient who the attorney knows will rely on the services rendered to his or her client, *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 524, cert. denied, 493 U.S. 894 (1989), we "will not impose a duty of reasonable care on an attorney [to a nonclient] if such an independent duty would potentially conflict with the duty the attorney owes to his or her client." *Lamare* v. *Basbanes*, 418 Mass. 274, 276 (1994). Here, as noted, *supra*, it is clear that the interests of Kathy and the interests of her father-in-law, Henry, were adverse to one another. In those circumstances, it would be improper to impose upon Leja a conflicting duty to his client's adversary. *Ibid.*

Henry also argues that the judge erred in denying his motion to amend his complaint to add a claim for breach of contract based upon Leja's alleged promise to reimburse Henry for certain expenses incurred by him. We conclude that the judge did not abuse his discretion in denying the motion to amend. *Manfrates* v. *Lawrence Plaza Ltd. Partnership*, 41 Mass. App. Ct. 409, 413 (1996). The judge could well have considered that this claim did not set forth a viable cause of action against Leja. *Ibid.* (futility of proposed amendment constitutes valid reason for denying motion). As alleged in Henry's proposed amendment, Leja was acting as an agent for his client, Kathy, and as an agent he could not be held personally liable for the breach of a contract of a disclosed principal. *Porshin* v. *Snider*, 349 Mass. 653, 655 (1965), quoting from Restatement (Second) of Agency § 320 and comment a (1958) ("Unless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract").

In sum, we once again reiterate that if Henry has any basis for complaint, it is a matter that should be worked out between himself in his capacity as the co-administrator of the estate of Edward J. Bratcher and his co-administratrix, Kathy, in the Probate Court. See *Bratcher* v. *Galusha*, 42 Mass. App. Ct. 1108 (1997).

*Appeal dismissed.*