Fremont-Smith, Thayer, J.
On January 26, 2005, David P. May, II, was killed at a job site located in Braintree, Massachusetts, when a metal “craneway” collapsed on top of the building in which he was working. He died intestate.
On February 8, 2005, David’s widow, Laurie May (“Laurie”) initiated probate proceedings for David’s estate in Cumberland County Probate Court in the State of Maine and requested her appointment as personal representative of his estate. Laurie, on February 8, 2005, also entered into a “contingent fee agreement” with the Law Office of Robert H. Avaunt (“Avaunt”) on behalf of herself “individually and as Personal Representative of the estate of David P. May, II and as mother and next friend of their minor son Kyle May (hereinafter referred to individually and in combination as Client).” The fee agreement covered “all claims of any nature for damages against all persons and entities arising from the personal injury and death suffered by her husband, David P. May, II,” including any “claims of wrongful death.” Two days later, on February 10, 2005, the Probate Court appointed Laurie personal representative of David’s estate.
On the same day that Laurie had contacted Attorney Robert Avaunt for legal advice in connection with her husband’s death, another attorney, Camille Sarrouf, spoke with David’s girlfriend, Candice Romano, who is also the mother of the decedent’s infant daughter, GiannaMay. On February 16, 2005 Sarrouf entered into contingent fee agreements with Julie Chadbourne, the decedent’s first wife, as parent and next friend of her daughter, Kristin May, and with their son, David May, III, providing for a fee of 33 1/3% of the gross amount recovered. On June 25, 2005 he procured a similar fee agreement from Candice Romero, the decedent’s girlfriend.
On March 18, 2005, Sarrouf and Laurie, as personal representative of David’s estate, entered into a signed “contingent fee agreement” wherein it was agreed that “the reasonable compensation to be paid by the client to the attorney . . . shall be 33 1/3% of the gross amount recovered.”
Also on March 18, 2005, Avaunt and Sarrouf entered into a referral “agreement” for the prosecution of a wrongful death action by the estate. The referral agreement provides, in pertinent part:
It is understood and agreed that Ms. Laurie May, in her capacity as Administratrix of the Estate has entered into a Contingent Fee Agreement with Sarrouf, Tarricone & Flemming, P.C.,[1] calling for a fee of 33 1/3% plus costs of any recovery in the wrongful death action. Further, it is understood, regardless of Attorney Avaunt’s official involvement in said action, said 1/3 fee shall be divided in the following manner: 70% Sarrouf, Tarricone & Flemming, P.C., 30% Law Offices of Robert H. Avaunt with all costs borne by Sarrouf, Tarricone & Flemming, P.C.
The legal action identified in the agreement was the “expected wrongful death action” regarding David’s death. In a handwritten notation on the bottom of the referral agreement, Laurie signed the document “seen and agreed to."
On October 12, 2005, Sarrouf filed the wrongful death action in this Court on behalf of “Laurie May, Administratrix of the Estate of David P. May, II.” By order dated January 22, 2008, this Court approved a gross settlement in the amount $3,500,000, which, it was agreed, was to be distributed in equal shares to five beneficiaries: Laurie, as surviving spouse; and David’s four children, Kyle, David III, Kristen, and Gianna.
The attorneys fees payable as a result (one-third of the settlement) totaled $1,166,666.67. From this fee, Sarrouf paid Avaunt just $139,999.99, rather than 30% of the fee ($350,000). Sarrouf calculated the amount payable to Avaunt by taking 30% of the attorneys fees attributable to only two out of the five beneficiaries (i.e., Laurie and Kyle) that received compensation as a result of the settlement. Sarrouf contends that this is all that is due Avaunt under the referral agreement because Laurie and Kyle are the only clients of Avaunt under the February 8, 2005 contingent fee agreement between May and Avaunt which Avaunt then referred to Sarrouf. Avaunt disagrees, arguing that it is entitled to 30% of the toted attorneys fees resulting from the settlement without regard to the ultimate distribution of the recovery among the beneficiaries, i.e., $350,000. Under Avaunt’s interpretation of the referral agreement, Avaunt is entitled to an additional $210,000.
Avaunt, by motion for summary judgment, seeks a declaration enforcing its interpretation of the agreement and a judgment for $210,000 against Sarrouf. By way of cross motion for summary judgment, Sarrouf seeks a declaration by this Court that plaintiffs interpretation of the fee agreement is correct, so that Sarrouf has already paid Avaunt in full.
DISCUSSION
The interpretation of an unambiguous contract “is a question of law that is appropriate for a judge to decide on summary judgment.” Seacolns. Co. v. Bar-bosa, 435 Mass. 772, 779 (2002). “Contract language is ambiguous where the phraseology can support a reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken." Bank v. Thermo Elemental, Inc., 451 Mass. 638, 648 (2008) (internal quotation marks and citations omitted). “The claim of an ambiguity in an instrument does not necessarily prevent the allowance of summary *259 judgment.” Air Plum Island, Inc. v. Society for the Preservation of New England Antiquities, 70 Mass.App.Ct. 246, 251 (2007). Whether a contract is ambiguous presents a question of law. Id. at 251-52; Bank v. Thermo, supra.
The Court finds that the referral agreement and the related contingent fee agreement are clear and unambiguous in their terms. Both apply solely to Laurie May in her representative capacity as administratrix (or personal representative) of the Estate of David P. May, II.[2] The contingent fee agreement with respect to the wrongful death action brought by the lawfully-appointed administratrix (Laurie) calls for a fee of 33 1/3% of the gross amount recovered. The referral agreement expressly provides for a 33 1/3% fee “of any recovery in the wrongful death action” and that “said 1/3 fee shall be divided” 70% to Sarrouf, and 30% to Avaunt. Neither contract states or implies that the referral agreement was intended to limit the referral to Sarrouf to only the recovery of Kyle May and of Laurie in their individual capacities or was intended to limit the amount owed to Avaunt to only 1/3 of their individual recoveries. While the February 8, 2005 contingent fee agreement between Laurie and Avaunt did say that Laurie was contracting individually and as “mother and next friend of their minor son, Kyle May,” it also recited that she was contracting both “individually and as Personal Representative of the estate” for Avaunt to “represent Client in all aspects of all claims of any nature arising from the personal injury and death suffered by her husband,” including “claims of wrongful death.”
Avaunt’s interpretation, moreover, is consistent with the allegations of the wrongful death action filed by Sarrouf, as well as the powers granted to an administratrix of an estate pursuant to the Massachusetts statute. The complaint in the wrongful death action identified only one plaintiff: Laurie May, Administratrix of the Estate of David P. May, II. Moreover, pursuant to G.L.c. 229, §2, damages for wrongful death “shall be recovered in an action of tort by the executor or administrator of the deceased.” By statute, therefore, the power to bring a wrongful death action is vested solely in the executor or administrator of the estate who is to “recover” the damages. Thus, a wrongful death action by the personal representative of an estate provides the sole avenue for recovery of damages, and separate claims may not be brought by the individual heirs. Hallet v. Wrentham, 398 Mass. 550, 553-55 (1986).[3] As an administratrix has the sole right to institute suit, and has a right to compromise the claims it has brought, O’Rourke v. Sullivan, 309 Mass. 424, 427 (1941), and as Sarroufs firm could not have pursued the wrongful death action unless retained by Laurie, Laurie necessarily was empowered to consent to a referral agreement and enter into a contingent fee agreement on behalf of all of the heirs.[4]
The fact that the wrongful death damages recovered by an executor are to be held in trust for the beneficiaries, see, e.g., Bratcher v. Moriarty, Donoghue & Leja, P.C., 54 Mass.App.Ct. 111, 114 (2002), does not raise any ambiguity as to the referral agreement. The attorney employed by the executor is not required to look to the beneficiaries for payment of attorneys fees, which the beneficiaries have no contractual obligation to pay.
G.L.c. 229, §6A, moreover, provides that, “[a]ll sums recovered under section . . . two shall, if and to the extent that the assets of the estate of the deceased shall be insufficient to satisfy the same, be subject to . . . reasonable attorneys fees . . . incurred in such recovery.” In consequence, Sarroufs interpretation of the referral agreement as applying only to the share of the monetary recovery which is to be received by but two of the five beneficiaries is inconsistent not only with the language of the agreements, but also with the statute under which the underlying wrongful death action was brought.[5]
The amount “recovered” by Laurie as executor in the wrongful death action, pursuant to G.L.c. 229, §2, was $3,500,000. Under her contingent fee agreement with Sarrouf, the attorneys fees were to be “33 1/3% of the gross amount recovered,” i.e., $1,166,666.67. The referral agreement requires 30% of “said 1/3 fee” recovered in the wrongful death action to be paid to Avaunt. Avaunt is therefore entitled to $350,000.00, less the $139,999.99 Sarrouf previously paid, for a balance due under the referral agreement in the amount of $210,000.01.
ORDER
For the foregoing reasons, it is hereby ORDERED that Sarroufs motion for summary judgment be DENIED and Avaunt’s motion for summary judgment be ALLOWED. It is hereby DECLARED and ADJUDGED that the referral agreement between Sarrouf and Avaunt requires total attorneys fees payable to Avaunt in the amount of $350,000. Judgment shall enter in favor of Avaunt on Count II of its counterclaim in the amount of $210,000.01, representing the unpaid balance due under the referral agreement, plus interest and costs, and the plaintiffs complaint is DISMISSED.
The parties shall mediate the remaining counts of the counterclaim (for conversion and c. 93A violation) per the Court’s separate Order for Mediation.

yor ease of reference, the Court will refer to Sarrouf Corso, LLP and its predecessor, Sarrouf, Tarricone & Flemming, as “Sarrouf.”

The terms administratrix, personal representative, and executor are used interchangeably to identify Laurie May in her representative capacity for the Estate of David May. The fact that Laurie had instituted a divorce action against David is irrelevant, as she was still the legal spouse of David and was duly appointed as the sole administratrix of his estate.

Without Laurie as a client, Sarrouf could not have filed this action for wrongful death.

The contingent fee agreements that Sarrouf obtained in February and June 2005 from David’s former wife and from David’s girlfriend on behalf of individual children of David are irrelevant to the recovery by the estate in this action, as this lawsuit by the representative of the estate was the only avenue for the children’s recovery and as Laurie was the sole legal representative of the estate.

The assets in the estate totaled only about $25,000.