Louise Bascoe & another *vs.* Plant Properties, Inc. October 28, 1970. In this action of tort the female plaintiff seeks to recover for injuries which she sustained as a result of a fall while she and her husband were tenants of the defendant. The husband seeks consequential damages. Verdicts were returned for the defendant. The plaintiffs' exceptions relate to the exclusion of several questions and to the charge to the jury. A recital of the evidence would serve no useful purpose. The reasons for the exclusion of the questions are fairly elementary and rest upon well established legal principles. We discern no prejudicial error in the charge to the jury.

*Exceptions overruled.*

*Herbert Murphy* for the plaintiffs.
*Franklin C. Bronson* for the defendant.

Veronica MacDonald, administratrix, *vs.* Harold L. Moore. October 28, 1970. This action of tort for death and conscious suffering was commenced on July 3, 1968, by a writ describing the plaintiff as the administratrix of the estate of Charles A. MacDonald. The declaration contained a similar averment. The plaintiff concedes, and the judge found, that both at the time the action was commenced and on the return day of the writ (September 2, 1968) the plaintiff was not the administratrix of the estate of the decedent, Charles A. MacDonald. Appearing specially, the defendant seasonably filed an answer in abatement setting forth that the plaintiff had no legal capacity to maintain the cause of action because she was not the duly appointed administratrix of the decedent's estate. An answer was seasonably filed on September 23, 1968, but it contained no special demand for proof of administration. Subsequently, on October 24, 1968, the defendant made a motion to amend his answer, which was allowed. In the amended answer the defendant made a special demand for proof of administration. After hearing, the defendant's answer in abatement was sustained. The sole question for decision, as the plaintiff concedes, is whether the allowance of the defendant's motion to amend his answer amounted to an abuse of discretion. No action, of course, can be maintained for death or conscious suffering unless it is brought by the decedent's executor or administrator. G. L. c. 229, §§ 2 and 6. And an allegation that the plaintiff is an executor or administrator shall be taken as admitted unless "the party controverting it files in court, within the time allowed for the answer thereto, or within ten days after the filing of the paper containing such allegation, or *within such further time as the court may allow on motion and notice,* a special demand for its proof" (emphasis supplied). G. L. c. 231, § 30. Thus it is plain that the judge was empowered to allow the defendant to amend his answer containing a special demand for proof of administration, even if this was done after the expiration of either the ten day period mentioned in § 30 or the time for filing an answer. The plaintiff was unable to furnish the proof called for in the demand. In these circumstances the only course open to the judge was to abate the action. We perceive no abuse of discretion in the allowance of the defendant's motion to amend his answer.

*Exceptions overruled.*

*Charles J. Zaroulis* for the plaintiff.
*Martin S. Cosgrove (Francis L. Kelly* with him) for the defendant.