NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12781

KATHERINE DRAKE  vs.  TOWN OF LEICESTER.


Worcester.     December 6, 2019. - February 28, 2020.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, & Kafker, JJ.


Massachusetts Tort Claims Act.  Notice, Claim under
    Massachusetts Tort Claims Act, Timeliness.  Practice,
    Civil, Presentment of claim under Massachusetts Tort Claims
    Act, Motion to dismiss.  Negligence, Municipality, School.
    Municipal Corporations, Liability for tort, Notice to
    municipality.  Mail.



Civil action commenced in the Superior Court Department on
March 26, 2018.

A motion to dismiss was heard by Rosemary Connolly, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Tom G. Vukmirovits for the plaintiff.
Melina McTigue Garland for the defendant.


LOWY, J.  On January 19, 2016, the plaintiff, Katherine

Drake, slipped and fell at Leicester High School while picking

up her grandson during school hours.  She suffered multiple injuries, including a fractured knee and wrist.[1]

Before suing a public employer for negligence, claimants must present their claim to the requisite public officer within two years of their alleged injury.  See G. L. c. 258, § 4. Exactly two years after the claim arose, on Friday, January 19, 2018, Drake mailed her presentment letter, via certified mail, to the defendant, the town of Leicester (town).[2]  The town received Drake's presentment letter on Monday, January 22, 2018. The town denied liability for Drake's injuries on February 7, 2018, and Drake commenced this negligence action against the town the following month.

The town moved to dismiss the complaint under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), arguing that because Drake failed to make presentment within the statutory deadline imposed by G. L. c. 258, § 4, she could not state a claim upon which relief could be granted.  After a hearing, the Superior Court judge agreed and dismissed Drake's complaint due to her untimely presentment.  Drake appealed, and we transferred this case on

---

[1] We recite the facts as alleged in the complaint, accepting them as true and drawing all reasonable inferences in the plaintiff's favor.  See Edwards v. Commonwealth, 477 Mass. 254, 260 (2017).

[2] The town's offices happened to be closed on January 19, 2018, but Drake does not assert that her letter could have arrived that same day.

our own motion from the Appeals Court.  We conclude that Drake's presentment was untimely, and we affirm.

Discussion.  We review the denial of a motion to dismiss de novo.  See Edwards v. Commonwealth, 477 Mass. 254, 260 (2017).

The Massachusetts Tort Claims Act (act) makes public employers liable for loss of property, personal injury, or death caused by the negligence or wrongful conduct of public employees acting within the scope of their employment.  See G. L. c. 258, § 2.  A claimant cannot institute a civil action against a public employer for damages "unless the claimant shall have first presented [her] claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose."  G. L. c. 258, § 4.  Proper presentment is accordingly a condition precedent to bringing suit under the act, and failure to do so is fatal to the plaintiff's complaint.  See Estate of Gavin v. Tewksbury State Hosp., 468 Mass. 123, 128 (2014), quoting Vasys v. Metropolitan Dist. Comm'n, 387 Mass. 51, 55 (1982).

The parties do not dispute that Drake's presentment letter was in writing and was presented to the proper executive official.  The parties do dispute, however, whether Drake's presentment was timely.  Therefore, the issue before us is what act constitutes presentment under G. L. c. 258, § 4:  placing a

presentment letter in the mail, as Drake argues,[3] or receipt by
the proper executive officer, as the town argues.  We determine
that there is a third ground and conclude that presentment
occurs upon delivery to the office of the proper executive
officer.[4]

We ordinarily begin with the plain language of the statute,
see Commonwealth v. Welch, 444 Mass. 80, 85 (2005); however, the
act does not define "presentment."  See G. L. c. 258, § 1.
"When a statute does not define its words[,] we give them their
usual and accepted meanings, as long as these meanings are
consistent with the statutory purpose" (citation omitted).
Estate of Gavin, 468 Mass. at 129.  "We derive the words' usual
and accepted meanings from sources presumably known to the
statute's enactors, such as their use in other legal contexts
and dictionary definitions" (citation omitted).  Id.

The usual and accepted meaning of "presentment" is "[t]he
act of presenting or laying before a court or other tribunal a
formal statement about a matter to be dealt with legally."

---

[3] Drake acknowledges that her claim arose on January 19,
2016, the date of her fall, and that thus presentment must have
occurred by January 19, 2018.

[4] We note, however, that although presentment occurs upon
delivery to the office of the proper executive officer, the
presentment letter must still be addressed to the proper
executive officer.  Compare Lopez v. Lynn Hous. Auth., 440 Mass.
1029, 1030-1031 (2003).

Black's Law Dictionary 1433 (11th ed. 2019). See Webster's Third New International Dictionary 1793 (1993) (defining "present" as "to lay or put before a person for acceptance"). To lay or to put an item, such as a presentment letter, before another, the receiving person or entity must have the opportunity to observe the item. Placing the presentment letter in the mail, certified or otherwise, does not constitute proper presentment under G. L. c. 258, § 4, as that act alone would not provide the proper executive officer the opportunity to observe the letter.[5]

Defining the act's presentment requirement as occurring upon delivery to the office of the proper executive officer also finds support in the Legislature's intent. The Legislature intended the act (1) "to allow plaintiffs with valid causes of action to recover in negligence against governmental entities;" and (2) "to preserve the stability and effectiveness of government by providing a mechanism which will result in payment of only those claims against governmental entities which are valid, in amounts which are reasonable and not inflated.".

---

[5] The Federal Tort Claims Act has a similar presentment requirement, see 28 U.S.C. §§ 2401(b), 2675, and similarly does not articulate what act constitutes presentment, see 28 U.S.C. § 2671. However, the regulation promulgated pursuant to the statute does. See 28 C.F.R. § 14.2(a) ("a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident").

Estate of Gavin, 468 Mass. at 131, quoting Vasys, 387 Mass. at 57.[6]

The presentment requirement furthers the act's second purpose by providing the Commonwealth and other public employers with "the opportunity to investigate and settle claims and to prevent future claims through notice to executive officers.". Estate of Gavin, 468 Mass. at 132, quoting Shapiro v. Worcester, 464 Mass. 261, 268 (2013). We have, therefore, previously required that claimants strictly comply with the presentment requirement contained in G. L. c. 258, § 4. See Shapiro, supra at 267; Richardson v. Dailey, 424 Mass. 258, 261 (1997); Weaver v. Commonwealth, 387 Mass. 43, 47 (1982); Pruner v. Clerk of the Superior Court, 382 Mass. 309, 315-316 (1981) (plaintiff failed to comply with presentment requirement within two-year period); Martin v. Commonwealth, 53 Mass. App. Ct. 526, 528-529 (2002) (strict compliance focused on "proper party noticed" and "timeliness").

The definition of the act's presentment requirement as occurring upon delivery to the office of the proper executive officer aligns with this purpose of the presentment requirement

---

[6] When considering these dual purposes, we seek to strike an "appropriate balance . . . between the public interest in fairness to injured persons and in promoting effective government." Estate of Gavin, 468 Mass. at 131, quoting Vasys, 387 Mass. at 57.

by ensuring that the government has adequate time to investigate and respond to such claims.[7]  See Shapiro, 464 Mass. at 268; Lopez v. Lynn Hous Auth., 440 Mass. 1029, 1031 (2003) ("it is undisputed that the claim was ultimately received in writing and acted on by the appropriate executive officer," and thus, "the purposes underlying the presentment requirement have been satisfied").

Drake nonetheless argues for a liberal construction of the presentment requirement.  While we have done so in some past cases, we have confined our conclusions to the unique circumstances of those particular cases.  Importantly, in those cases, we concluded that the purposes underlying the presentment requirement were satisfied:  the proper executive officer was notified of the claims within the statutory deadline.  See Estate of Gavin, 468 Mass. at 125 n.3, 135 (interpreting "claimant" to include decedent's estate, "in the circumstances of the present case"); Lopez, 440 Mass. at 1030-1031 ("in the unique circumstances of this case, it is apparent that the purpose of the presentment requirement has been fulfilled" even

---

[7] We also note that this definition does not run afoul of the act's other purpose of allowing injured parties with valid claims to recover from the government, as the definition does not decrease the statutory time frame within which those injured persons must make their claims known to the proper executive officer.  See Estate of Gavin, 468 Mass. at 131.  Indeed, the injured party has a full two years to do so.  See G. L. c. 258, § 4.

though claimant did not address presentment letter to proper executive officer); Vasys, 387 Mass. at 52-53, 57 ("In the unusual circumstances of this case, we believe that balance is best struck by our holding that the defendant here is barred from raising the issue of defective presentment . . .").

The straightforward circumstances of this case are not unique. Drake mailed her presentment letter on the last day of the statutory period, January 19, 2018. Drake does not contend that her mailed letter could have arrived on that same day, nor does she contest that the office of the proper executive officer received the presentment letter on January 22, 2018 -- a full two years and three days after she was injured. Given our conclusion that presentment occurs upon delivery to the office of the proper executive officer, we conclude that Drake's presentment was untimely and affirm the motion judge's dismissal of her complaint.

So ordered.