NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1220

JASON RANIERI

vs.

SHATTUCK HOSPITAL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Jason Ranieri, appeals from a Superior Court judgment dismissing his complaint against Shattuck Hospital under the Massachusetts Tort Claims Act (MTCA), G. L. c. 258. The hospital is operated by the State Department of Public Health (DPH) and includes units operated by the Department of Mental Health (DMH).  The hospital moved for summary judgment on the ground that Ranieri had failed to make presentment of his claim to the proper official within two years of the claim's accrual, as required by G. L. c. 258, § 4.  A judge allowed the motion.  We affirm, but we leave open the possibility that Ranieri may still be entitled to relief.

Background.  The summary judgment record establishes as undisputed fact that Ranieri, a client of the hospital, filed an administrative complaint asserting that, on January 25, 2019, he

was subjected to excessive physical and chemical restraints. After an internal investigation, the hospital's chief operating officer issued a decision in March 2019 substantiating the complaint and recommending that certain staff members receive retraining on restraint guidelines.

Based on the January 2019 incident, Ranieri commenced this action in February 2020. The hospital's answer, filed on November 24, 2020, asserted as a defense that Ranieri had failed to make proper presentment of his claim. At that time, the MTCA's two-year presentment period, which ran from January 25, 2019, had not yet expired; Ranieri still had two months in which to cure any failure to make proper presentment. As far as the record shows, however, Ranieri took no further action by January 25, 2021.

In October of 2021, the hospital moved for summary judgment on the basis of improper presentment, and Ranieri filed an opposition supported by three unsigned affidavits. The summary judgment record establishes as undisputed fact that at no time during the two-year presentment period did Ranieri present any claim based on the January 2019 incident to the executive officers of DPH or DMH or to the Attorney General. The summary judgment record did not, however, address whether Ranieri had presented his claim to the Secretary of the Executive Office of Health and Human Services (EOHHS).

2

The judge's written decision on the motion recognized that because the hospital and DMH were within EOHHS, "presentment of claims under the MTCA arising out of the negligence of employees of the [h]ospital must be made to the Secretary of [EOHHS]."[1] The judge's analysis, however, did not address whether Ranieri had made presentment to the Secretary. The judge focused instead on whether Ranieri had shown that either of two exceptions to the presentment requirement applied -- the "lulling" and "actual notice" exceptions described in Bellanti v. Boston Pub. Health Comm'n, 70 Mass. App. Ct. 401, 406-409 (2007). Concluding that neither exception applied, the judge allowed the hospital's motion. Ranieri appealed from the resulting judgment of dismissal.

Discussion. The MTCA provides in pertinent part that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." G. L. c. 258, § 4. The term "[e]xecutive officer of a public employer" is defined in pertinent part as "the secretary of an executive office of the commonwealth." G. L. c. 258, § 1. The executive offices of the

---

[1] DPH is also within EOHHS. See G. L. c. 6A, § 16.

3

Commonwealth are established by G. L. c. 6A, § 2, and at all relevant times have included EOHHS.[2]  As noted supra, both DMH and DPH are within EOHHS.  See G. L. c. 6A, § 16.

Presentment of a claim against a hospital within DMH or DPH is not sufficient if made to the hospital's administrator, or even to the commissioner of DMH or DPH; rather, presentment must be made to the Secretary of EOHHS.  See Weaver v. Commonwealth, 387 Mass. 43, 45-47 (1982).  See also Estate of Gavin v. Tewksbury State Hosp., 468 Mass. 123, 128 (2014) (under MTCA, Secretary of EOHHS was "'executive officer' in charge of the executive office ultimately responsible for the hospital").[3]  "An oft-recited proposition is that presentment must be made 'in strict compliance with the statute.'"  Martin v. Commonwealth,

---

[2] Under current law, "There shall be the following executive offices, each of which shall serve under the governor: administration and finance, education, energy and environmental affairs, health and human services, economic development, housing and livable communities, labor and workforce development, public safety and security, technology services and security, transportation and public works and veterans' services."  G. L. c. 6A, § 2.

[3] The MTCA provides that presentment of a claim against a State entity -- such as the hospital, DMH, DPH, or EOHHS itself -- is also sufficient if made to the Attorney General.  See G. L. c. 258, § 4, second par.  See also Estate of Gavin, 468 Mass. at 128 (presentment proper where "directed to the proper executive official, namely, the Attorney General on behalf of the Secretary" of EOHHS).  Because it is undisputed here that no presentment to the Attorney General was made within the two-year period, we focus on presentment to the Secretary.

4

53 Mass. App. Ct. 526, 528 (2002), quoting Weaver, 387 Mass. at 47.

"The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). Here, the hospital attempted to meet this standard by showing that Ranieri had no reasonable expectation of proving presentment, an essential element of his case. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). See also Vasys v. Metropolitan Dist. Comm'n, 387 Mass. 51, 55 (1982) (presentment is "statutory condition precedent to recovery under G.L. c. 258"). But the hospital failed to establish that Ranieri had no reasonable expectation of proving presentment had been made to the Secretary.

Thus, the hospital's summary judgment motion should not have been granted.[4] Indeed, it should not have been made in the

---

[4] We note, however, that we see no error in the judge's conclusion that, on this record, neither the lulling nor actual notice exceptions to the presentment requirement applied. As for lulling, there was no evidence that any State official or employee with authority over the hospital "affirmatively indicate[d] that the presentment requirement ha[d] been met or is waived." Garcia v. Essex County Sheriff's Dep't, 65 Mass. App. Ct. 104, 111 (2005). As for actual notice, there was no evidence that "despite defective presentment, the designated executive officer," here the Secretary of EOHHS, "had actual

form it was.  The Office of the Attorney General (OAG)'s brief in this appeal repeatedly recognizes that what was required here was presentment to the Secretary of EOHHS, and then it erroneously asserts -- citing only evidence of lack of presentment to DPH, DMH, or the Attorney General -- that no presentment to the Secretary was made.

Nevertheless, Ranieri did not argue this point either to the judge or in his brief on appeal.  The argument is thus waived.  Moreover, Ranieri has never asserted as a factual matter that he made presentment to the Secretary.  If he had done so, it seems highly likely that he would have said so in response to the hospital's summary judgment motion.

Accordingly, we will affirm the judgment of dismissal.  If, however, within thirty days of the entry of judgment after rescript in Superior Court, Ranieri files a motion in that court for relief from judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), together with a signed affidavit demonstrating that he did make timely presentment to the Secretary, we are confident that the OAG on behalf of the hospital will respond

---

notice of the written claim."  Bellanti, 70 Mass. App. Ct. at 407.

6

appropriately and that the judge will give the motion every consideration.

Judgment affirmed.

By the Court (Milkey, Blake & Sacks, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  October 12, 2023.

---

[5] The panelists are listed in order of seniority.